IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JULIA M. HARRIS,                )
                                )
        Plaintiff,               )
                                )
    v.                           )      1:13cv747
                                )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security,                        )
                                )
        Defendant.               )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiff Julia M. Harris brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) ("the Act"), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have both filed motions for judgment on the pleadings (Docs. 10, 14), and the administrative record has been certified to the court for review. For the reasons set forth below, Harris's motion will be granted, the Commissioner's denied, and the case remanded to the Commissioner for further proceedings.

I.   **BACKGROUND**

Harris applied for social security disability insurance benefits on March 31, 2010, alleging a disability beginning on April 1, 2005. (Tr. at 11.) The claim was denied initially and

on reconsideration. (Id.) Harris then sought and received a hearing before an administrative law judge ("ALJ"). Harris appeared at a hearing, represented by counsel, on March 1, 2010, before ALJ James G. Myles. (Id.) An impartial, vocational expert ("VE") also testified at the hearing. (Id.)

On May 8, 2012, the ALJ issued a decision denying Harris's claim for benefits. (Id. at 8–19.) The ALJ's decision made specific findings for the first four steps of the sequential evaluation process. (Id.) However, since the ALJ concluded, at step four, that Harris was "capable of performing past relevant work as a poultry grader and a sock folder," he determined that she was not disabled. (Id. at 18–19) Having ended his analysis there, the ALJ did not make any findings as to step five, whether there were other jobs that Harris was capable of performing. (Id.)

After this unfavorable decision, Harris sought review with the Appeals Council, which denied her request for review, making the ALJ's decision the final decision of the Commissioner. (Id. at 1–4.) Harris then filed a complaint against the Commissioner with this court, seeking review of the ALJ's decision. (Doc. 1.) Each party has filed motions for a judgment on the pleadings (Docs. 10, 14), and this case is now ripe for review.

## II. ANALYSIS

### A. Standard of Review

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted) (internal brackets omitted) (setting out the standards for judicial review). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial

3

evidence." Hunter, 993 F.2d at 34 (quoting Laws, 368 F.2d at 642) (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270 F.3d at 176 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal brackets omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner or the ALJ]." Hancock, 667 F.3d at 472 (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The issue before this court, therefore, "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig, 76 F.3d at 589.

In undertaking this limited review, the court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

4

death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[1]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)).

> Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.

Id. The claimant bears the burden as to the first four steps, but the Commissioner bears the burden as to the fifth step. Id. at 472-73.

In undertaking this sequential evaluation process, the five steps are considered in turn, although a finding adverse to the claimant at either of the first two steps forecloses a disability designation and ends the inquiry. In this regard, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working,

---

[1] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

If a claimant carries her burden at each of the first two steps and also meets her burden at step three of establishing an impairment that meets or equals an impairment listed in the regulations, the claimant is disabled, and there is no need to proceed to step four or five. See Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then the analysis continues and the ALJ must assess the claimant's RFC. Id. at 179.[2] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes

---

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

6

an inability to return to prior work based on that RFC, the analysis proceeds to the fifth step, which shifts the burden of proof and "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Commissioner cannot carry her "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

### B. Whether the ALJ's Error Was Harmless

The ALJ's decision only made findings as to the first four steps of the sequential evaluation process. Because the ALJ found that Harris could perform past relevant work at step four, he did not continue the sequential evaluation and make any findings as to step five. (Tr. at 18–19.)

The Commissioner concedes that there is not substantial evidence to support the ALJ's findings at step four as to past relevant work. (Doc. 15 at 4.) Rather than defend the ALJ's error, the Commissioner argues that it was harmless because

7

there exists substantial evidence in the record that would support a finding against Harris at step five. (Id.) The Commissioner is correct that courts engage in harmless error review of agency denials of social security benefits. See, e.g., Morgan v. Barnhart, 142 F. App'x 716, 723-25 (4th Cir. 2005). But the Commissioner is incorrect in arguing that harmless error review in this case is appropriate.

At the fifth step of the sequential evaluation process, the Commissioner – not the claimant – carries the burden of showing that the claimant could do other work in the national economy. Hancock, 667 F.3d at 472-73. The Commissioner urges this court to find the agency's burden met where substantial evidence in the record would support it, even where the agency has not actually made any findings on the matter at any point in the litigation. Specifically, she argues that, because the VE mentioned during the ALJ hearing that Harris could perform work as a ticket taker (Tr. at 53), and that since other courts have held that claimants with restrictions similar to Harris's could perform work as a ticket taker, this court should affirm the ALJ's decision.

In support of her request for harmless error review, the Commissioner cites two cases. First, she produces Shinseki v. Sanders, 556 U.S. 396 (2009), for the proposition that "the burden of showing that an error is harmful normally falls upon

the party attacking the agency's determination." Id. at 409. However, in this case, the agency made no determination at all on the fifth step.[3] The Commissioner's second leg of support, Camp v. Massanari, 22 F. App'x 311 (4th Cir. 2001) (per curiam), did not involve a district court conducting the fifth-step analysis for the agency. Rather, the issue was only whether prejudice resulted from the ALJ's decision not to seek additional information from a physician. Id. at 311. Harmless error review is appropriate when a court considers how an ALJ reached each conclusion in the sequential evaluation process. See, e.g., Morgan, 142 F. App'x at 722–23. Review of these kinds of determinations does not require the district court to assume the mantle of the agency and issue a decision on an issue not considered in the first instance by the ALJ.

The Commissioner cites no authority supporting a district court's authority to perform the fifth-step analysis of the sequential evaluation process where the agency has not. In fact, all similar cases this court has found have refused to find harmless error and have remanded the case to the agency to perform the fifth-step analysis. See, e.g., Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("Although we can affirm the

---

[3] Moreover, in Shinseki, the district court was under a statutory duty to "take due account of the rule of prejudicial error" when reviewing decisions of the Department of Veterans Affairs. See 38 U.S.C. § 7261(b)(2). The statute providing for judicial review of determinations by the Social Security Agency imposes no such duty. See 42 U.S.C. § 405(g).

9

judgment of a district court on any ground supported by the record, we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." (citations omitted)); Brown v. Astrue, No. CIV.A. 9:09-1520-SB, 2010 WL 2817221, at *3 (D.S.C. June 23, 2010) ("This statement is, of course, mere speculation on the Commissioner's part as to what the ALJ would or would not have determined . . . ."), report and recommendation adopted, No. CIV.A. 9:09-1520-SB, 2010 WL 2817218 (D.S.C. July 15, 2010); Prater v. Astrue, No. 4:08-CV-83, 2010 WL 1257882, at *8 (E.D. Tenn. Mar. 3, 2010) ("If . . . the ALJ fails to make alternative findings and chooses to rest the decision on a single ground, an error on that ground will require reversal."), report and recommendation adopted, No. 4:08-CV-83, 2010 WL 1257880 (E.D. Tenn. Mar. 25, 2010); Biggs v. Astrue, No. 1:07CV1095AWISMS, 2009 WL 330021, at *1 (E.D. Cal. Feb. 9, 2009) ("Astrue cites no cases in which an ALJ stopped the inquiry at step four, did not make any findings with respect to step five, and a reviewing Court nevertheless upheld the denial by makings its own step five determination. In light of the authority presented, this Court declines to make an independent finding, and will instead remand the case for further proceedings."); Richardson v. Barnhart, 443 F. Supp. 2d 411, 426 (W.D.N.Y. 2006); Young v. Apfel, 39 F. Supp. 2d 1327, 1333 (N.D. Okla. 1999). Therefore, harmless error review is not

10

appropriate where the agency has simply failed to make any findings at step five, when the agency carries the burden of proof.[4]

Therefore, as all other courts facing the same issue have done, this court declines to conduct its own, independent fifth-step analysis, and instead remands this case for further proceedings to do so.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS THEREFORE ORDERED that Harris's motion for judgment on the pleadings (Doc. 10) be GRANTED, the Commissioner's motion for judgment on the pleadings (Doc. 14) be DENIED, and the case be REMANDED for further proceedings consistent with the court's opinion.

                                    /s/   Thomas D. Schroeder
                                  United States District Judge

September 17, 2014

---

[4] Independently, the court notes that the record for the fifth step analysis on which the Commissioner asks the court to rely is less than clear. At the hearing, the VE named three types of jobs that Harris could perform given her restrictions (Tr. at 52-53), but the record suggests that the question from the ALJ and response by the VE are ambiguous. Moreover, in her brief to this court, the Commissioner only attempts to defend one of the three jobs mentioned by the VE as consistent with Harris's RFC. (Doc. 15 at 4.) Because harmless error review is inappropriate in this case and the case is being remanded, the court need not address these potential problems at this time. Further, nothing in the court's opinion should be regarded as an expression of any view as to how the ALJ should rule at step five.